IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE W. EASLEY,

        Petitioner,

    v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

        Respondent.

CASE NO. 2:14-CV-1356; 14-cv-01206
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant consolidated *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ,* Petitioner's *Traverse,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

This case involves Petitioner's rape conviction made pursuant to the terms of his Plea Agreement in the Franklin County, Ohio Court of Common Pleas. The trial court imposed an aggregate term of twenty-five years of incarceration pursuant to the joint recommendation of the parties. (ECF No. 8-1, PageID# 274.) Although Petitioner filed an appeal, through counsel, he filed a motion for voluntary dismissal of the appeal, which the appellate court granted. (ECF No. 8-1, PageID# 281, 284.) Petitioner also pursued post-conviction relief.

On March 11, 2013, he filed an application for DNA testing. He filed a post conviction petition and motion to withdraw his guilty plea, asserting that he was innocent. On April 25, 2013, the trial court denied Petitioner's motions. Petitioner did not file an appeal. On September 4, 2013, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule

26(B). On October 10, 2013, the appellate court denied the application. Petitioner did not file an appeal. On April 24, 2014, Petitioner filed a petition for a writ of mandamus. It is not clear from the record whether that action remains pending.

Petitioner filed the *Petition* in Case No. 14-cv-1356, on August 22, 2014.[1] He asserts therein as follows:

> 1. Ineffective counsel.
>
> On July 19, 2012, the Judge denied Mr. Easley effective counsel after defendant revealed to the trial judge that his attorney was not representing him fairly and that the trial attorney was withholding evidence. Trial judge stated he was not in a firing mood.
>
> 2. Due process clause: deprived of Rights, inconclusive results. Material is that of offender becomes eligible, entitled to DNA comparison based on rights of due process.
>
> DNA application denied as well with no real reason other than not stating biological test should be run and the samples must be re-tested for comparison.
>
> 3. A petition for a writ of mandamus/Case No. 14AP-346 Tenth Dist. of Appeals filed 4-24-14.
>
> The respondent in this case has failed to carry out a clear legal duty.
>
> 4. Misconduct and violations of the Code of Professional Responsibility by Attorneys and Judges.
>
> Mr. Easley told his Judge, Guy L. Reece, that he no longer wanted his attorney. . . representing him due to Mr. Easley's attorney whithh[o]lding evidence and not representing him fairly. Mr. Easley's Judge. . . told Mr. Easley that he was not in a firing mood, violating Mr. Easley's rights to effective counsel.

Petitioner filed a document he captioned as a *Complaint* in the District Court of the District of Columbia on July 21, 2014. That Court construed the Complaint as a *Petition for*

---

[1] He executed the *Petition* on August 14, 2014.

*Habeas Corpus* and transferred the case to this district where Petitioner is currently in custody. Although Petitioner does not clearly set forth his claims for relief, liberally construing the *Petition,* he argues that his guilty plea was coerced; that the prosecution violated *Brady v. Maryland,* 373 U.S. 83 (1963); that he was denied counsel during a critical stage of the proceedings, and that his attorney failed to subject the prosecution's case to meaningful adversarial testing.

It is the position of the Respondent that this consolidated action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**Application**

Under the terms of 28 U.S.C. § 2244(d)(1)(A), the Court concludes that Petitioner's judgment of conviction became final on January 28, 2013, when the appellate court granted his motion to dismiss the appeal. The statute of limitations began to run on the following day, and ran for a period of forty-one days, until March 11, 2013, when Petition filed his post-conviction petition and application for DNA testing. These matters tolled the running of the statute of limitations until May 25, 2013, thirty days after the trial court's April 25, 2013 denial of Petitioner's petition for post-conviction relief. *See Harper v. Elmont*, No. 2:14-CV-01220, 2015 WL 3867262, at *8 (S.D. Ohio June 23, 2015)(citing *Campbell v. Warden*, No. 1:08cv311, 2009 WL 6594326, at *6 n.4 (S.D. Ohio July 14, 2009)). The statute of limitations began to run on the following day, and ran for a period of 101 days, until September 4, 2013, when Petitioner filed his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). This action tolled the running of the statute of limitations until November 24, 2013, forty-five days after the appellate court's October 10, 2013, denial of the Rule 26(B) application, when the time period expired to file a timely appeal. The statute of limitations began to run on the following day, and expired 223 days later, on July 6, 2014.

The statute of limitations ran for a total period of 142 days, absent tolling under 28 U.S.C. § 2244(d), and began to run again on November 25, 2013. The statute of limitations therefore expired 223 days later, on July 6, 2014. Petitioner filed his earlier *Petition* in the

4

District of Columbia on July 21, 2014.  Further, the record fails to reflect that equitable tolling of the statute of limitations is warranted.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (the statute of limitations may be equitably tolled where the petitioner demonstrates that he has diligently pursued his rights and that some extraordinary circumstances prevented his timely filing).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                               s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE

Date:  November 17, 2015