IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDRE W. EASLEY,

    Petitioner,

    v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-1356; 14-CV-01206
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

On November 17, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant consolidated Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 7.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 8) is **OVERRULED**. The *Report and Recommendation* (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Magistrate Judge recommended dismissal of this case as barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). Petitioner objects to this recommendation. Petitioner argues that the trial court improperly refused to grant his request for new counsel, that his guilty plea was coerced, and that he is innocent of the charges against him. Petitioner states that he now has pending several actions in state courts and continues to attempt to obtain evidence that will establish his actual innocence. Petitioner contends that he did not direct appellate counsel to dismiss his appeal and that has had difficulty in obtaining legal material.

As discussed by the Magistrate Judge, the statute of limitations expired on July 6, 2014. Petitioner filed the *Petition* in Case No. 14-cv-1356 on August 22, 2014. He filed a document he captioned as a *Complaint* in the District Court of the District of Columbia on July 21, 2014. Further, Petitioner has failed to establish that equitable tolling of the statute of limitations is appropriate.

The AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Such equitable tolling, however, is granted sparingly in habeas cases. *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). In order to establish entitlement to equitable tolling, Petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *See id*. The United States Supreme Court established this two-part "extraordinary circumstance" test in *Holland v. Florida*, 560 U.S.641, 649 (2010). Petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (citation omitted). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the Petitioner's control. *Lowe v. State*, No. 2:120CV–142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013) (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). Further, nothing in the record indicates that Petitioner's limited access to the legal material prevented him from timely filing his *Petition*. Moreover, the record fails to reflect that Petitioner was diligent in pursuing his claims.

The state appellate court dismissed the appeal at Petitioner's request. Although Petitioner now claims that he did not agree with the dismissal of the appeal, he made no attempt to reinstate the appeal. Petitioner waited more than 100 days after the denial his petition for post-conviction relief to file an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He waited over nine months after the state appellate court denied his Rule 26(B) application to file a federal habeas corpus petition. Further, the record fails to reflect that any extraordinary circumstances prevented his timely filing.

Although Petitioner pleaded guilty to the charges against him, he now asserts that he is actually innocent. Actual innocence may justify the equitable tolling of the statute of limitations. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

3

*Id.* at 589–90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *McQuiggin v. Perkins,* –– U.S. ––, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup,* 513 U.S. at 332, 327).

Review of the record reveals that Petitioner cannot establish a convincing claim of actual innocence.

**THEREFORE,** Petitioner's *Objection* (ECF No. 8) is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

\_\_1-17-2016_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

4